IRVING LEVITT *vs.* PAUL LEVITT & another (and a companion case).
April 10, 1980. In February, 1972, a long-standing intimacy between the
Levitt brothers dissolved in a barrage of recrimination, spawning lawsuits
both criminal and civil. The civil actions arose from their tangled finances
and the various seizures of each other's valuables alleged to have taken
place when the amity they previously enjoyed broke down. Irving
brought his suit against Paul and his wife on June 6, 1972; they brought
theirs against him on June 27, 1972. The two cases were tried together to
a master on various dates in 1974, the trial lasting three weeks and pro-
ducing, apparently, twenty or more volumes of transcript. The master's
report in the case brought by Paul and his wife was wholly favorable to
them; his report in Irving's case was favorable in part to Irving but more
favorable to Paul and his wife. The reports in both cases were filed in
court on January 16, 1975. After numerous hearings on objections and
other matters, both reports were adopted by the judge on April 15, 1976.
Eight months later, on December 9, 1976, Irving, through new counsel,
filed motions in both cases to disqualify the attorney who had represented
Paul and his wife from 1972 on. The grounds for the motions were that
the same attorney had represented Irving in a divorce proceeding in 1949
and 1950 and had represented him again in proceedings for modification
of the support provisions of the divorce decree in 1960 and 1967. On June
10, 1977, Irving filed motions in both cases for new trials on the same
grounds. Irving and the attorney in question filed affidavits bearing on
the question whether the attorney had obtained confidential information
in the course of his earlier representation of Irving which was probative of
issues in the pending actions. Evidence was taken, including testimony
by the attorney who had represented Irving during the master's hearings
to the effect that he had been aware from the outset that the attorney for
Paul and his wife had represented Irving in the divorce proceedings. On
all the evidence the judge could properly find that Irving was not preju-
diced by his former attorney's representation of Paul and his wife in the
present actions. Rule 20 of the Superior Court (1954) (see now the identi-
cal Rule 3 of the Superior Court [1974]) requires that an objection to the
right of an attorney to appear for the opposite party is to be made within
ten days after the entry of the case or of the appearance of the attorney. A
later objection need not be entertained. *Arsenault* v. *Arsenault*, 337
Mass. 189, 193-194 (1958). A party is not privileged to hold such an ob-
jection until after he has learned the outcome of the trial. At that late
date it might well have been an abuse of discretion for the judge to allow
Irving's motions in the absence of a showing of substantial prejudice.
Compare *Pisa* v. *Commonwealth*, 378 Mass. 724, 729-730 (1979). In-
deed, absent a more substantial showing of conflict than was made here, a
disqualification of counsel even on a timely motion might have been un-
necessarily violative of Paul's and his wife's right to representation by
counsel of their choice. See *Borman* v. *Borman*, 378 Mass. 775, 787

(1979). These appeals were frivolous. Paul and his wife shall have double costs of these appeals, plus interest computed at the rate of twelve percent per annum from November 27, 1978, on the amount of Irving's liability to them established in the respective first numbered paragraphs of the judgments appealed from.

*Judgments affirmed.*

The case was submitted on briefs.
*Irwin Kwiat* for Irving Levitt.
*Arthur Goldberg* for Paul Levitt & another.