This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Bruce E. Hawthorn, Marlene Hawthorn, Ron Beers, and Hawthorn and Sons Inc., appeal from the judgment of the Summit County Court of Common Pleas which granted Appellees', Barberton Rescue Mission, Rev. Howard Russell, and Rev. Richard Lupton, motion to disqualify counsel for Appellants. We reverse and remand.
 {¶ 2} On December 11, 2000, Appellees and the Ohio Attorney General commenced this action against Appellants. Counsel for Appellants, Edwin Pierce ("Pierce"), entered his appearance as attorney of record and filed an answer on Appellants' behalf. Thereafter, on January 16, 2002, an amended answer with a jury trial demand was filed. The court issued a case management schedule, on February 22, 2002. This order provided for disqualification motions to be filed by May 1, 2002. The case was then referred to the court mediator and a hearing was held on March 22, 2002. On May 2, 2002, Appellees filed a motion to disqualify Appellants' counsel. After conducting a hearing on the issue, the court granted Appellees' motion and disqualified Appellants' counsel. Appellants timely appealed raising two assignments of error. Appellants' second assignment of error will be addressed first as it is dispositive of this appeal.
 ASSIGNMENT OF ERROR II {¶ 3} "The trial court erred when it failed to consider Appellant's (sic.) contention that * * * Appellees waived their right to object to [Pierce's] representation by failing to file a timely objection."
 {¶ 4} In their second assignment of error, Appellants contend that the trial court improperly failed to consider the issue of waiver. Specifically, Appellants assert that Appellees waived their right to object to Pierce's representation of Appellants by failing to timely raise the objection. We agree.
 {¶ 5} This Court has previously stated that a party "may be held to have waived the right to object to an attorney's subsequent representation of an adverse interest by failure to timely raise the objection." Sarbey v. National City Bank, Akron (1990), 66 Ohio App.3d 18,28. Generally, the time within which to raise an objection is promptly after the onset of litigation or within a reasonable time once the pertinent facts are known. Id. citing, Internatl. Bhd. of Teamsters v.Hoffa (D.C. 1965), 242 F. Supp. 246, 257, and Milone v. English
(C.A.D.C. 1962), 306 F.2d 814, 818 (stating that motions to disqualify should be "made with promptness and reasonable diligence once the facts are known"). The finding of a waiver is dependent on the circumstances of each case. See Sarbey, 66 Ohio App.3d at 28-29, citing Levitt v.Levitt (1980), 9 Mass. App. Ct. 894, 894 (finding waiver by failure to object after the passage of ten days) and Emle Industries, Inc. v.Patentex, Inc. (C.A.2, 1973), 478 F.2d 562, 574 (finding no waiver despite passage of three years before objection entered). A recurring theme throughout these cases that have recognized waiver as a basis for denying motions for disqualification is the need to insure that such motions are not used for strategic purposes. Smith v. Whatcott (C.A.10, 1985), 757 F.2d 1098, 1100 ("disqualification motions must be diligently pursued to avoid waiver and may not be used as strategic litigation tactics"). See, also, Cox v. American Cast Iron Pipe Co. (C.A.11, 1988),847 F.2d 725, 729; Williams v. Bell (Miss. 2001) 793 So.2d 609, 613
("Failure to move for disqualification at the earliest practical opportunity will constitute waiver"). "[D]isqualification is such a drastic measure that it should be invoked if, and only if, the [c]ourt is satisfied that real harm is likely to result from failing to invoke it."Hayes v. Central States Orthopedic Specialists, Inc. (Okla. 2002),51 P.3d 562, 565.
 {¶ 6} In the instant case, Appellees' first notice of Pierce's representation of Appellants came on December 18, 2001, when Pierce filed an answer on behalf of Appellants. There is no indication that the facts regarding representation were not known to all parties from the inception of Pierce's representation of Appellants. On February 22, 2002, the trial court issued a case management schedule. That schedule required disqualification motions to be filed by May 1, 2002. Appellees thereafter filed a motion for disqualification of Appellants' attorney on May 2, 2002. The motion was then granted on July 18, 2002.
 {¶ 7} Upon review of the record, we find the trial court abused its discretion by failing to consider the issue of waiver. The trial court's case management schedule permitted motions for the disqualification of Appellants' attorney to be filed up to five months after the representation began. The deadline was May 1, 2002. Consequently, Appellants, working with their counsel Pierce, spent a significant amount of time and resources in preparing their case, including attendance and arguing at a mediation conference, before Appellees asserted their objections to Pierce's representation of Appellants. Thus, the delayed filing of the motion for disqualification resulted in prejudice to Appellants and disqualification of counsel would undoubtedly result in hardship to the preparations of their defense. Therefore, we conclude that the trial court abused its discretion by failing to consider the issue of timeliness and waiver. See Sarbey,66 Ohio App.3d at 28. In light of Sarbey, it follows that the trial court improperly entertained Appellees' motion for disqualification of counsel, as it was not promptly filed within a reasonable time once the facts concerning representation were known. See id. Accordingly, Appellants' second assignment of error is sustained.
 ASSIGNMENT OF ERROR I {¶ 8} "[The] [t]rial court abused its discretion in finding that [Pierce] was privy to confidential communications when the movant did not offer sufficient evidence to sustain their burden of proof * * * on this issue."
 {¶ 9} In light of our disposition in assignment of error two, we need not address assignment of error one, as this assignment of error is now rendered moot. See App.R. 12(A)(1)(c).
 {¶ 10} Appellants' second assignment of error is sustained. The first assignment of error has not been addressed. The judgment of the Summit County Court of Common Pleas is reversed and remanded.
CARR, J., WHITMORE, J. CONCUR.