DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, George Waliga and Lakeside Manufactured Home Park (collectively, "Lakeside"), appeal from the judgment of the Summit County Court of Common Pleas that denied their motion for summary judgment and granted the summary judgment motion of Appellee, Coventry Township. We reverse and remand.
 I. {¶ 2} Mr. Waliga is the legally titled owner and licensee of Lakeside, a manufactured home park located at Linda Drive in Coventry Township, in Summit County. Lakeside supposedly contains 54 manufactured home sites, and is located in a "B-3," or general business zoning district. It is uncontested that Lakeside is a valid non-conforming use.
 {¶ 3} Lakeside had maintained a private sewer and water system, which was housed on three lots within the park. However, Lakeside was able to obtain public sewer and water utilities, and removed the system buildings. In 2001, Lakeside notified Coventry Township of its intention to place three additional manufactured homes on these lots. In a letter dated January 3, 2002, the Coventry Township Zoning Department informed Lakeside, that, because it is a non-conforming use, it cannot be enlarged, and thus refused to issue a zoning permit for the placement of three additional homes.
 {¶ 4} A series of correspondence between Lakeside's counsel and Coventry Township ensued, which culminated in a letter from Coventry Township's counsel dated July 19, 2002. This letter reiterated Coventry Township's position that this type of expansion was prohibited by Coventry Township Zoning Resolution Section 21.03.
 {¶ 5} Lakeside did not appeal from this final correspondence to the Coventry Township Board of Zoning Appeals (the "Board"), but instead filed a complaint for declaratory judgment and injunctive relief in the Summit County Common Pleas Court. Specifically, Lakeside sought a declaration that Lakeside is exempt from Coventry Township zoning resolutions because it is a valid non-conforming use, and that the zoning resolution is unconstitutional as ambiguous and vague. The complaint also sought a permanent injunction to prevent Coventry Township from restricting Lakeside's placement of three additional homes on the property.
 {¶ 6} On November 12, 2002, Coventry Township filed a motion to dismiss, or in the alternative a motion for summary judgment. Coventry Township asserted that Lakeside was barred from maintaining the action due to its failure to exhaust the administrative process by first appealing the decision of the zoning department to the Board, and also by the doctrine of res judicata. Lakeside responded to the motion, asserting that it was not required to exhaust administrative remedies because it challenged the constitutionality of the zoning resolution, and that the Board was without jurisdiction to determine the constitutional validity of the statute.
 {¶ 7} On February 7, 2003, the trial court issued an order partially dismissing Lakeside's case. Specifically, the order dismissed the portion of Lakeside's complaint requesting injunctive relief, reasoning that the claim was barred due to Lakeside's failure to exhaust administrative remedies as required. In this order, the trial court also denied Coventry Township's motion for summary judgment with respect to Lakeside's remaining constitutional claim, reasoning that material issues of fact remained.[1]
 {¶ 8} On June 11, 2003, Lakeside filed a motion for summary judgment challenging the constitutionality of Coventry Township Zoning Resolution Article 24.00, "Non-Conforming Uses." Coventry Township filed a response and its own motion for summary judgment countering Lakeside's arguments.
 {¶ 9} On February 18, 2004, the trial court issued a final order that granted Coventry Township's summary judgment motion and denied Lakeside's summary judgment motion. The court found Coventry Township Resolution Article 24.00 to be constitutional, and rejected Lakeside's constitutional takings argument. The court also specifically concluded that the resolution was not vague or ambiguous. It is from this order that Lakeside now appeals.
 {¶ 10} Lakeside timely appealed, asserting three assignments of error for review.
 II. A. First Assignment of Error
"The trial court erred in ordering a partial dismissal of plaintiffs' complaint because the plaintiffs'-appellants' [SIC] sought a declaration of the constitutionality of the coventry township zoning resolution and therefore were not required to exhaust an inapplicable administrative remedy because coventry township's procedure and resolution did not maintain subject matter jurisdiction over the three (3) lots in question[.]"
 {¶ 11} In its first assignment of error, Lakeside contends that the trial court erred in dismissing its request for injunctive relief due to their failure to exhaust the administrative remedy, because they were not required to proceed through the administrative process for any portion of their complaint. We disagree.
 {¶ 12} The exhaustion of administrative remedies doctrine is a wellestablished principle of Ohio law. Noernberg v. BrookPark (1980), 63 Ohio St.2d 26, 29, citing State ex rel. Lieuxv. Westlake (1951), 154 Ohio St. 412, 415-16. Specifically, the doctrine requires that a party exhaust available administrative remedies prior to seeking court action in an administrative matter. Noernberg, 63 Ohio St.2d at 29-30. Two exceptions to this general rule exist. First, exhaustion is not required if the administrative remedy cannot provide the relief desired or if resort to the remedy would be totally futile. Karches v.Cincinnati (1988), 38 Ohio St.3d 12, 17, citing Kaufman v.Newburgh Hts. (1971), 26 Ohio St.2d 217. Second, exhaustion is not required if the remedy is onerous or unusually expensive.Karches, 38 Ohio St.3d at 17, citing Gates Mills Invest. Co.v. Pepper Pike (1975), 44 Ohio St.2d 73.
 {¶ 13} This Court has acknowledged the clear position that exhaustion of administrative remedies is required when an action seeks a declaration of statutory rights. Spiller v. Caltrider
(Apr. 26, 2000), 9th Dist. No. 19494, citing Fairview Gen. Hosp.v. Fletcher (1992), 63 Ohio St.3d 146, 149-50; Beckham v.Gustinski (Sept. 4, 1996), 9th Dist. No. 17621, citingSchomaeker v. First Natl. Bank (1981), 66 Ohio St.2d 304, 306
(holding that a "plaintiff [is] not entitled to declaratory judgment relief in the common pleas court, because such an action does not lie when a direct appeal to the common pleas court pursuant to R.C. Chapter 2506 is available"). Therefore, this Court concludes that Lakeside was required to exhaust its administrative remedy before seeking injunctive relief on statutory grounds.
 {¶ 14} However, Lakeside's contentions have prompted this Court to assess the propriety of bringing this declaratory judgment action on both nonconstitutional and constitutional grounds. We recognize that a declaratory judgment is a proper alternative remedy to an R.C. Chapter 2506 administrative appeal action, for challenging the constitutionality of zoning restrictions. Driscoll v. Austintown Assoc. (1975),42 Ohio St.2d 263, 270. However, the Ohio Supreme Court has determined, that, prior to instituting a declaratory judgment action challenging the constitutionality of a zoning ordinance, a landowner must generally first exhaust any available administrative remedy that can provide him appropriate relief from the zoning restriction, provided the remedy is neither onerous nor unusually expensive. Powell v. Akron (June 17, 1987), 9th Dist. No. 12936, citing Driscoll, 42 Ohio St.2d at paragraph four of the syllabus. See Johnson's Island, Inc. v.Bd. of Twp. Trustees (1982), 69 Ohio St.2d 241, 248 (reinforcing the notion that exhaustion of administrative remedies is required before a plaintiff, who seeks to obtain relief from a zoning law, institutes a challenge to the constitutionality of the law). "`It is a fundamental principle of law that constitutional questions will not be decided until the necessity for their decision arises.'" Driscoll, 42 Ohio St.2d at 274, quoting State, exrel. Lieux, 154 Ohio St. at 415.
 {¶ 15} In Jones v. Chagrin Falls (1997), 77 Ohio St.3d 456, the Supreme Court, albeit in dicta, appeared to sanction the employment of a declaratory judgment action to challenge the constitutionality of an ordinance as applied to a particular landowner; the Court.[2] See id. at 460. However, the Court has also previously concluded that a landowner must first exhaust all administrative remedies prior to initiating an action challenging the constitutionality of an ordinance as applied. SeeJohnson's Island, 69 Ohio St.2d at 247. See, also, Jones,77 Ohio St.3d at 467 (Cook, J., dissenting) (stating that because a common pleas court may rule on an as-applied constitutional challenge in an R.C. Chapter 2506 appeal, "only those constitutional issues that cannot be reached in an R.C. Chapter 2506 appeal (e.g., facial challenges to the zoning ordinance or rezoning by amendment, etc.) should be permitted in a declaratory judgment action"). In light of the unclear and shifting position presented by this precedent, this Court feels constrained to conclude that before raising a constitutional challenge to an ordinance as applied to a particular landowner, the landowner must first exhaust all of his administrative remedies.
 {¶ 16} In the present case, Lakeside raised both an as-applied and facial challenge to the constitutionality of the ordinance. Lakeside contended that the ordinance denied it any economically viable use of the property and that the zoning as applied to its property did not advance a legitimate government interest. See Karches, 38 Ohio St.3d at 19. Lakeside also argued that the ordinance is vague and ambiguous. Coventry Township asserted in its motion to dismiss that Lakeside had failed to exhaust its administrative remedies. The record is devoid of any information that would indicate that exhaustion of the process would be futile or onerous, or that there is no remedy available. See, e.g., Powell, supra. Because of the dual nature of its constitutional claims, Lakeside was required to exhaust its administrative remedies prior to filing a declaratory action, but failed to do so. Therefore, Lakeside's declaratory action, in its entirety, was not ripe for consideration. See, e.g., Spiller, supra; Monfort Supply Co. v. Rural ZoningComm. (Dec. 29, 1995), 1st Dist. No. C-950313.
 {¶ 17} Therefore, we conclude that the trial court did not err in dismissing that portion of Lakeside's complaint asserting non-constitutional claims. Additionally, we find that the remaining portions of Lakeside's complaint dealing with constitutional claims should have also been dismissed. Accordingly, Lakeside's first assignment of error is overruled.
 {¶ 18} Furthermore, we reverse the order of the trial court that determined the constitutional issues raised by Lakeside and granted summary judgment to Coventry Township, and remand the case to the trial court to enter a judgment vacating that order and dismissing the remainder of Lakeside's complaint.
 B. Second Assignment of Error
"The trial court erred in granting summary judgment to coventry township because the coventry township zoning resolution is vague, overly broad, and therefore unconstitutional as relates [SIC] to enumerated standards for determining an increase in a non-conforming use and therefore lacked jurisdiction over the use of the three lots in question."
 Third Assignment of Error
"The trial court erred by denying the plaintiff-appellants the economically viable use of their land because the defendant-appellees were unable to demonstrate any valid public health, safety, or welfare basis to restrict the use of the three (3) lots in question[.]"
 {¶ 19} In its second and third assignments of error, Lakeside challenges the trial court's findings with respect to its constitutional arguments.
 {¶ 20} Due to our disposition of Lakeside's first assignment of error, these assignments of error are rendered moot. Therefore, we need not address them. See App.R. 12(A)(1)(c).
 III. {¶ 21} Lakeside's first assignment of error is overruled. Lakeside's second and third assignments of error are not addressed. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded to the common pleas court for proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, P.J. Slaby, J. Concur.
[1] This order did not contain the requisite Civ.R. 54(B) certification language. However, Lakeside filed a motion for such certification, which the court denied.
[2] In Jones, the Supreme Court, citing paragraph two of the syllabus in Driscoll, 42 Ohio St.2d 263, noted that the court "ha[s] long held that failure to exhaust administrative remedies is not a necessary prerequisite to an action challenging the constitutionality of a statute, ordinance, or administrative rule." Id. at 460. However, we feel compelled to mention that this statement is inconsistent with the actual language ofDriscoll. As we have already stated above, Driscoll
specifically provides that exhaustion of administrative remediesis required before bringing a constitutional challenge. Id. at paragraph four of the syllabus. In her dissent in Jones,
Justice Cook explicitly recognized this misreading of Driscoll.
Id. at 463 (Cook, J., dissenting).