DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Dennis Pfizenmayer, appeals the judgment of the Avon Lake Municipal Court, Small Claims Division, that granted summary judgment to Appellees. We affirm.
 {¶ 2} On November 28, 2005, the City of Avon Lake fined Mr. Pfizenmayer $1,000 for failure to disconnect the downspouts on a residence from the City's sanitary sewer system. Mr. Pfizenmayer complied with the order to disconnect from the system shortly after the fine was assessed. On December 20, 2005, the City acknowledged that the downspouts had been disconnected, but *Page 2 
reminded Mr. Pfizenmayer that the fine remained due. Mr. Pfizenmayer appealed the assessment to the Avon Lake Board of Municipal Utilities, which upheld the fine. Mr. Pfizenmayer did not pursue an administrative appeal pursuant to R.C. Chapter 2506, although, in a letter dated May 2, 2006, he indicated his intention to "seek judicial review" of the action. He also refused to pay the fine.
 {¶ 3} On January 10, 2007, the Avon Lake Municipal Utilities Department filed a small claims complaint to collect the fine. Mr. Pfizenmayer answered and asserted counterclaims against the Municipal Utilities Department, the Board of Municipal Utilities and its individual members, and City employees John Kniepper and Rick Eberle (collectively "the City"). The counterclaims alleged that various regulations promulgated by the Board of Municipal Utilities are "void for vagueness"; that the City "violated the Ohio Revised Code, Chapter 2744, Political Subdivision Tort Liability"; and that the regulations promulgated by the Board of Municipal Utilities are contrary to law. The trial court granted summary judgment to the City on May 11, 2007, and this appeal followed.
 ASSIGNMENT OF ERROR I "The trial court erred by not finding the Avon Lake Municipal Utilities Policies and Regulations, enacted by the Avon Lake Board of Municipal Utilities, in violation of Ohio Revised Code Sections 705.16(A) and 731.26. (Def's Mem. in Opp'n to Summ. J. at 2, 4-6; Def's Answer Countercl. at 9.)"
 ASSIGNMENT OF ERROR II "The trial court erred by not finding the ALMU Policies and Regulations in violation of the Ohio Constitution Article XVIII, *Page 3 
Section 3. (Def's Mem. in Opp'n to Summ. J. at 2; Def's Answer Countercl. at 9.)"
 ASSIGNMENT OF ERROR III "The trial court erred by not finding the Avon Lake Municipal Utilities Policies and Regulations in violation of the Avon Lake City Charter, Chapter II, Section 9. (Def's Answer Countercl. at 9.)"
 ASSIGNMENT OF ERROR IV "The trial court erred by not finding the Avon Lake Municipal Utilities Policies and Regulations invalid under the doctrine of void for vagueness. (Def.'s Mem. in Opp'n. to Summ. J. at 7-14.)"
 ASSIGNMENT OF ERROR VI "The trial court erred in not determining whether ALMU violated Ohio Revised Code Section 2744, Political Subdivision Tort Liability. (Def.'s Mem. in Opp'n to Summ. J. at 15; Def.'s Answer Countercl. at 7-9.)"
 ASSIGNMENT OF ERROR VII "The trial court erred in granting ALMU and BMU's Motion for Summary Judgment. (Def.'s Mem. in Opp'n to Summ. J. Passim.)"
 {¶ 4} In Mr. Pfizenmayer's first through fourth, sixth, and seventh assignments of error, he argues that the trial court erred by granting summary judgment to the City. We agree with the trial court that Mr. Pfizenmayer failed to exhaust his administrative remedies and conclude that summary judgment was properly granted to the City.
 {¶ 5} In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there are any genuine issues of material fact and *Page 4 
whether the moving party is entitled to judgment as a matter of law.Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. In applying this standard, evidence is construed in favor of the nonmoving party, and summary judgment is appropriate if reasonable minds could only conclude that judgment should be entered in favor of the movant. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 686-87. Before the trial court may consider whether the moving party is entitled to judgment as a matter of law, however, it must determine whether there are genuine issues of material fact for trial. Byrd v. Smith,110 Ohio St.3d 24, 2006-Ohio-3455, at ¶ 12.
 {¶ 6} In this case, the material facts are not disputed: the City assessed a fine against Mr. Pfizenmayer; he appealed to the Board of Municipal Utilities unsuccessfully; and he neither paid the fine nor appealed to the court of common pleas.
 {¶ 7} We first note that the manner in which Mr. Pfizenmayer pled his counterclaims appears to have created some confusion. The trial court observed that "the `Counterclaims' are not claims, but defenses which could only be asserted in a matter under review by the Court of Common Pleas in an appeal pursuant to R.C. 2506.01." Instead, however, they are best characterized as counterclaims for declaratory judgment pursuant to R.C. 2721.02, and we proceed on this basis. *Page 5 
 {¶ 8} The doctrine of exhaustion of administrative remedies requires a plaintiff to exhaust administrative avenues of relief before seeking court intervention in an administrative matter. Noernberg v. BrookPark (1980), 63 Ohio St.2d 26, 29. "[E]xhaustion is not required if the administrative remedy cannot provide the relief desired or if resort to the remedy would be totally futile * * * [or] if the remedy is onerous or unusually expensive." Waliga v. Coventry Twp., 9th Dist. No. 22015,2004-Ohio-5683, at ¶ l2.
 {¶ 9} A plaintiff is required to exhaust administrative remedies provided by R.C. Chapter 2506 before filing an action for declaratory judgment against a political subdivision on statutory grounds. SeeDuffield v. City of Barberton, 9th Dist. No. 22342, 2005-Ohio-1817, at ¶ 12. As a general rule, failure to exhaust administrative remedies does not preclude a declaratory action on constitutional grounds. See, e.g.,Jones v. Chagrin Falls (1997), 77 Ohio St.3d 456, 460. "Because administrative bodies have no authority to interpret the Constitution, requiring litigants to assert constitutional arguments administratively would be a waste of time and effort for all involved. `[I]f resort to administrative remedies would be wholly futile, exhaustion is not required.'" Id. at 460-61, quoting Karches v. Cincinnati (1988),38 Ohio St.3d 12, 17. This distinction, however, is unjustified when the failure to exhaust an administrative remedy consists of failure to pursue an appeal pursuant to R.C. 2506.01 to the court of common pleas, which *Page 6 
is authorized to consider constitutional issues. See, e.g., R.C. 2721.02
and R.C. 2721.03.
 {¶ 10} As this court has also recognized, failure to exhaust administrative remedies bars a constitutional claim in certain circumstances. Waliga at ¶ 13-17. In Waliga, this court considered a property owner's appeal from an order granting summary judgment in a challenge to the constitutionality of a zoning resolution. Id. at ¶ 16. The property owner also sought declaration of a valid nonconforming use under the zoning resolution. Id. at ¶ 5. Recognizing the principle that courts must decide the matters before them on nonconstitutional grounds if possible, we held that a plaintiff must exhaust administrative remedies before asserting constitutional claims if the administrative remedy could provide adequate relief on a nonconstitutional basis and the process would not prove "futile or onerous." Id. at ¶ 15-16.
 {¶ 11} Mr. Pfizenmayer pled counterclaims for declaratory judgment on constitutional and nonconstitutional grounds. An appeal to the court of common pleas pursuant to R.C. 2506.01 could have provided adequate relief to Mr. Pfizenmayer through his nonconstitutional claims and would not have imposed an unreasonable burden upon him. Accordingly, Mr. Pfizenmayer was required to exhaust his administrative remedies prior to seeking declaratory judgment, and the City was entitled to summary judgment. *Page 7 
 ASSIGNMENT OF ERROR V "The trial court erred in not disqualifying Attorney Geoffrey Smith due to conflict of interest. (Def.'s Mot. To Disqualify Passim.)"
 {¶ 12} In his fifth assignment of error, Mr. Pfizenmayer argues that the trial court erred by denying his motion to disqualify the City's director of law, who represented Mr. Pfizenmayer's son in unrelated matters. We disagree.
 {¶ 13} A trial court has the inherent power to dismiss or disqualify an attorney when continued representation of a client would lead to a situation in which the attorney cannot comply with the ethics rules.Mentor Lagoons, Inc. v. Rubin (1987), 31 Ohio St.3d 256, 259-60. "A trial court has the `inherent power to regulate the practice before it and protect the integrity of its proceedings * * *' including the `authority and duty to see to the ethical conduct of attorneys[.]'" Id., quoting Royal Indemnity Co. v. J.C. Penney Co. (1986), 27 Ohio St.3d 31,33-34. We review a trial court's determination regarding a motion to disqualify counsel for an abuse of discretion. Clucas v. Vojtech (1997),119 Ohio App.3d 475, 477, citing Janis v. Castle Apts., Inc. (1993),90 Ohio App.3d 224, 230. Under this standard, we must determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable — not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 14} In this case, Mr. Pfizenmayer moved to disqualify Attorney Geoffrey Smith, the Avon Lake Law Director, based on the fact that he represented Mr. Pfizenmayer's son in unrelated matters in the course of his private practice of law. *Page 8 
Mr. Pfizenmayer argued that it was his son, Matthew Pfizenmayer, who dealt with the City and its employees with respect to the downspout issue and that Matthew was "an integral part of and an indispensable witness in the case at bar." Consequently, Mr. Pfizenmayer's argument is that Attorney Smith's representation could not continue without causing a violation of Rule 1.7 of the Ohio Rules of Professional Conduct.
 {¶ 15} Rule 1.7 provides that a conflict of interest is created when "the representation of that client will be directly adverse to another current client [or] * * * there is a substantial risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests." (Emphasis in original.) General Comment II to Rule 1.7 further explains the creation of a directly adverse representation:
 "The representation of one client is directly adverse to another in litigation when one of the lawyer's clients is asserting a claim against another client of the lawyer. A directly adverse conflict also may arise when effective representation of a client who is a party in a lawsuit requires a lawyer to cross-examine another client, represented in a different matter, who appears as a witness in the suit. A lawyer may not represent, in the same proceeding, clients who are directly adverse in that proceeding. See Rule 1.7(c)(2). Further, absent consent, a lawyer may not act as an advocate in one proceeding against a person the lawyer represents in some other matter, even when the matters are wholly unrelated." *Page 9 
 {¶ l6} The trial court determined that Attorney Smith did not have a conflict of interest in this case because "[he] has not served as legal counsel for defendant; his relationship for [sic] defendant's son, who may testify in this case, does not appear to be related to this matter; and there is no evidence to establish that confidential information was divulged to Atty. Smith which would relate to this matter." In addition, we note that the City has been represented by outside counsel from at least the date its answer was filed in the trial court through this appeal. With the exception of the City's written response to the motion to disqualify, Attorney Smith did not sign any pleadings on the City's behalf. Accordingly, the standard set forth in Rule 1.7 was not violated for the additional reason that, even had Matthew Pfitzenmayer appeared as a witness, a violation of Attorney Smith's ethical obligations could have been avoided. See Mentor Lagoons, 31 Ohio St.3d at 259-60. The trial court did not abuse its discretion in denying Mr. Pfizenmayer's motion to disqualify, and his fifth assignment of error is overruled.
{¶ l7} Mr. Pfizenmayer's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 10 
We order that a special mandate issue out of this Court, directing the Avon Lake Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 MOORE, P. J., DICKINSON, J., CONCUR *Page 1