[Cite as *In re E.M.J.*, 2017-Ohio-1090.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

IN RE: E.M.J.

C.A. No.     15CA0098-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     2014 06 GI00047

DECISION AND JOURNAL ENTRY

Dated: March 27, 2017

TEODOSIO, Judge.

{¶1}    Appellants Maryann Ruben, James H. Banks, and Nina M. Najjar appeal from the order of the Medina County Court of Common Pleas Probate Division disqualifying James H. Banks and Nina M. Najjar as counsel for Maryann Ruben. This Court affirms.

I.

{¶2}    On June 17, 2014, Appellant Maryann Ruben filed an application for the appointment of a guardian for an alleged incompetent. The proposed ward was E.M.J., a ninety-three year old woman. The application provided that Ms. Ruben's relationship to the proposed ward was as "Trustee and POA." The application nominated Maryann Ruben to be appointed guardian, and listed Nina Banks as the second nominee. The application also requested "that an alternate, independent guardian be appointed." Ms. Banks is Ms. Ruben's sister, and is married to Attorney James H. Banks, who signed the application as the attorney for Ms. Ruben. On the Next of Kin form provided with the application, Ms. Ruben is listed as "Trustee," and Ms. Banks

is listed as "Successor Trustee." Ms. Banks signed the Waiver of Notice as "Nina M. (Banks) Najjar." We note that Ms. Banks/Najjar has signed her appellate briefs as "Nina M. Najjar," and we will refer to her as "Ms. Najjar" hereinafter.

{¶3} In September 2014, E.M.J., through her attorney, filed a motion to dismiss the application for appointment of guardian, and filed a renewed motion to dismiss in November. In December 2014, the trial court dismissed the application. Following the dismissal, E.M.J. filed a motion for attorney's fees, arguing that the original action was frivolous, and in June 2015, she filed a motion for the disqualification of counsel. In response, Ms. Ruben filed a motion for sanctions against E.M.J.'s attorney, David C. Hipp. The matter of disqualification came before the trial court on September 10, 2015, with the court hearing arguments from both sides, but without conducting an evidentiary hearing. On October 16, 2015, the court granted the motion of E.M.J and ordered that Mr. Banks and Ms. Najjar be disqualified from representing Ms. Ruben. The remaining motions were set for further hearing. Ms. Ruben, Ms. Najjar, and Mr. Banks now appeal, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN DISQUALIFYING COUNSEL FOR APPELLANT RUBEN.

{¶4} In their first assignment of error, the appellants argue the trial court's disqualification of counsel was not supported by the facts in this case and was an abuse of discretion. We disagree.

{¶5} "[A] court has inherent authority to supervise members of the bar appearing before it; this necessarily includes the power to disqualify counsel in specific cases." *Kala v.*

*Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1, 4 (1998). Trial courts enjoy broad discretion when considering motions to disqualify counsel. *Phillips v. Haidet*, 119 Ohio App.3d 322, 324 (3d Dist.1997). "We review a trial court's determination regarding a motion to disqualify counsel for an abuse of discretion." *Avon Lake Mun. Utilities Dept. v. Pfizenmayer*, 9th Dist. Lorain No. 07CA009174, 2008-Ohio-344, ¶ 13. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶6} When considering a motion to disqualify counsel, the Supreme Court of Ohio has recognized the need to balance the interests of the moving and non-moving parties. *Kala* at 5. Disqualification interferes with a client's right to choose counsel and is a drastic measure which courts should hesitate to impose except when absolutely necessary. *Kala* at 5-6.

{¶7} "In determining whether an attorney should be disqualified from representing an interest adverse to a former client, the courts have generally recognized that a 'substantial relationship test' is to be applied." *Sarbey v. Natl. City Bank, Akron*, 66 Ohio App.3d 18, 23 (9th Dist.1990). The test requires that disqualification "be ordered where there is any substantial relationship between the subject matter of a former representation and that of a subsequent adverse representation." *Id*. "The burden of proof in such a case is on the former client now moving for disqualification * * *." *Id*. Courts "will assume that during the course of the former representation confidences were disclosed to the attorney bearing on the subject matter of the representation." *Id*. at 24. "The confidences, which are assumed to be disclosed in the attorney-client relationship, are also presumed to be disclosed to an attorney's fellow associates." *Janis v. Castle Apts., Inc.*, 90 Ohio App.3d 224, 228 (9th Dist.1993).

Failure to Serve

{¶8} The appellants first argue that the disqualification of Ms. Najjar was improper on procedural grounds because she was not served with the motion to disqualify. Ms. Najjar argues that she was not counsel for Ms. Ruben in this matter. E.M.J. acknowledged in her brief to the trial court that she did not serve Ms. Najjar with the motion because Ms. Najjar had not made an appearance in the case, and that "a disqualification motion at [that] point would [have been] speculative."

{¶9} At the hearing, the trial court noted: "We also have on behalf of the original Applicant Maryann Ruben, who is present in open court, her counsel Mr. James Banks and, also, Counsel Nina Najjar. Is that correct?" Ms. Najjar responded: "Yes, your Honor." After an opening statement was given by counsel for E.M.J., The Court stated: "Thank you. In response[?]" To which Mr. Banks said: "Yes, your Honor. [Ms.] Najjar is going to [sic]."

{¶10} The transcript shows Ms. Najjar proceeded to make arguments on behalf of Ms. Ruben, e.g.: "At that time, Maryann Ruben was not using [E.M.J.'s] power of attorney * * *"; "[t]he application for guardianship was not filed to - - for the benefit of Maryann Ruben, it was filed for the benefit of [E.M.J.] * * *"; "I don't believe it is a conflict because Maryann Ruben did not ask to be appointed as the guardian."

{¶11} While the disqualification of Ms. Najjar may have initially been moot because she had never filed an appearance on behalf of Ms. Ruben, her participation at the hearing was in representation of not only herself, but of Ms. Ruben. Appellants do not indicate why the trial court judge could not construe Ms. Najjar to be counsel for Ms. Ruben, and subsequently disqualify her after she held herself out as such at hearing, and provide no law in support of such an argument as required by App.R.16(A)(7) and Loc.R. 7(B)(7). "Where an appellant fails to

cite to any law supporting their assignments of error, it is not this [C]ourt's duty to create an argument for them." *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 4. We therefore decline to do so.

### Former Representation

**{¶12}** Although with regard to the former representation of E.M.J. by Mr. Banks, it is undisputed that a past attorney-client relationship existed, the appellants argue that there is no evidence that Ms. Najjar ever represented E.M.J. This is contradicted by Ms. Najjar's own statements at the hearing before the trial court: "[a]lthough Mr. Hipp claims that he didn't know that *we* represented [E.M.J.] in the past, one, in January of 2015, all of *our* files were turned over to Mr. Hipp in a file box, like the size of a regular box full of documents. The documents that *we* - - the minimal documents that pertained to *us* were included in those boxes, and [E.M.J.] knew *we* represented her. * * * [E.M.J.] knew for years that *we* prepared those documents for her." With regard to certain estate planning documents, Ms. Najjar stated: "*We* drafted them at [E.M.J.'s] request * * *." Moreover, E.M.J.'s revocable living trust states: "If I should cease to act as the Trustee for any reason, I shall be succeeded by my advisor MARYANN L. RUBEN as the successor Trustee. If she fails to qualify or ceases to act, my attorney NINA M. BANKS shall act as the successor Trustee." We note again that this document was prepared by Ms. Najjar's husband, Mr. Banks.

**{¶13}** The trial court did not abuse its discretion in finding that both Mr. Banks and Ms. Najjar had a prior attorney-client relationship with E.M.J.

### Substantial Relationship

**{¶14}** The appellants argue that any former representation was not substantially related to the present matter. As noted above, Ms. Najjar's statements indicated that the prior

representation involved estate planning. Ms. Ruben testified that it was Mr. Banks who prepared the power of attorney document for E.M.J., designating Ms. Ruben as the agent and becoming effective upon incapacity. Ms. Ruben also testified that the amendment to E.M.J.'s revocable living trust, which designated Ms. Ruben and Ms. Najjar as successor trustees, was prepared by Mr. Banks.

{¶15} The present matter for the appointment of a guardian for E.M.J. was filed by Mr. Banks on behalf of the applicant, Ms. Ruben. Ms. Ruben and Ms. Najjar are listed as nominees for the guardianship. Upon a finding of incapacity, a guardianship would be awarded. Likewise upon a finding of incapacity, Ms. Ruben would acquire power of attorney and would succeed E.M.J. as trustee of the revocable living trust. Although the application for the appointment of a guardianship was dismissed by the trial court, motions for sanctions and attorney fees remain pending. The subject matter of this case is intrinsically and inextricably tied to the documents prepared under Mr. Banks and Ms. Najjar's prior representation of E.M.J. Remaining at issue for the pending motions is the underlying motivation and rationale for filing the application for guardianship in the first instance, and as such the prior estate planning documents are implicated.

{¶16} The trial court did not abuse its discretion in finding that the prior representation was substantially related to the present matter.

### Confidential Information

{¶17} The appellants argue that there was no confidential information obtained from E.M.J. during any former representation. Courts are to assume that during the course of the former representation, confidences were disclosed to the attorney bearing on the subject matter of the representation. *Janis,* 90 Ohio App.3d at 228; *Sarbey*, 66 Ohio App.3d at 24. Mr. Banks and Ms. Najjar had a prior attorney-client relationship with E.M.J., and in the current matter,

they are attorneys representing an opposing interest. The current matter has a substantial relationship to their former representation. It was therefore not an abuse of discretion for the trial court to have made the assumption that confidences were disclosed.

### Evidentiary Hearing

**{¶18}** The appellants argue that the trial court improperly granted the motion to disqualify without holding a full evidentiary hearing. However, there is no requirement that a trial court must hold an evidentiary hearing before ruling on every motion for disqualification. *Dayton Bar Ass. v. Parisi*, 131 Ohio St.3d 345, 2012-Ohio-879, ¶ 15.

### Conclusion

**{¶19}** Given the arguments presented to the trial court at hearing and the record the court had before it, we cannot conclude that the trial court's decision to disqualify counsel was unreasonable, arbitrary, or unconscionable. The trial court did not abuse its discretion in finding that Mr. Banks and Ms. Najjar had previously represented E.M.J. in a matter substantially related to the current adverse representation. Appellants' first assignment of error is overruled.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN FAILING TO CONSIDER APPELLANTS' CONTENTION THAT APPELLEE JENKINS WAIVED HER RIGHT TO OBJECT TO BANKS/NAJJAR'S REPRESENTATION BY FAILING TO TIMELY SEEK DISQUALIFICATION.

**{¶20}** The appellants argue that the trial court erred by failing to find that E.M.J. waived her right to seek disqualification of counsel because the case had already been pending for one year. We disagree.

**{¶21}** Once again, "[w]e review a trial court's determination regarding a motion to disqualify counsel for an abuse of discretion." *Avon Lake Mun. Utilities Dept.*, 2008-Ohio-344, at ¶ 13. "As a general rule, a former client may be held to have waived the right to object to an

attorney's subsequent representation of an adverse interest by failure to timely raise the objection." *Sarbey*, 66 Ohio App.3d at 28. "Timeliness is not a fixed concept, but generally courts have held that the proper time within which to raise an objection is soon after the onset of litigation, or at least within a reasonable time once the facts are known." (Citations omitted.) *Id*. "Cases have varied from finding waiver by failure to object within ten days, *Levitt v. Levitt* (1980), 9 Mass.App. 894, 403 N.E.2d 143 (pursuant to a local rule), to finding no waiver despite the passage of three years before the objection was raised, *Emle Industries, Inc. v. Patentex, Inc*. (C.A.2, 1973), 478 F.2d 562." *Sarbey* at 28; *see also, Karaman v. Pickrel, Schaefer & Ebeling Co*., 2d Dist. Montgomery No. CA21813, 2008-Ohio-4139 (granting disqualification of counsel nearly two years after complaint was filed).

{¶22} A failure to timely raise the issue of disqualification has been described as implied consent, or waiver, and is closely akin to the equitable concepts of estoppel and laches. *Sarbey* at 29. "Accordingly, the equitable remedy of imposing an implied waiver will not be used to bar a motion to disqualify where no prejudice has resulted from the delay." *Id*.

{¶23} Ms. Ruben filed the application for guardianship on June 17, 2014, and the application was dismissed upon E.M.J.'s motion on December 12, 2014. E.M.J. filed a motion for attorney's fees on December 24, 2014, and a hearing was set for April 29, 2015. Upon the request of Attorney Banks, the hearing was continued, and the depositions of E.M.J. and Maryann Ruben were subsequently scheduled for June 18, 2015. The motion for disqualification was filed on June 30, 2015, twelve days after the depositions were taken.

{¶24} The appellants argue that because one year had passed from the filing of the application for guardianship until the motion for disqualification was filed, the trial court should have found that E.M.J. had waived the issue. They further argue that the motion for

disqualification was filed as a "strategic tactic." Counsel for E.M.J. argues that the motion for disqualification was filed after he discovered the extent of the prior representation of his client by opposing counsel during the June 18 depositions. He also states that he did not file a motion to disqualify at the time of the filing of the application for guardianship because he instead filed a motion to dismiss the application as legally insufficient.

{¶25} The appellants have not shown any prejudice resulting from the delay of the filing of the motion for disqualification. While counsel for E.M.J. was aware of the prior representation well before the filing of the motion for disqualification, given the procedural disposition of this case, and given that the motion was filed shortly after the taking of the depositions, which further revealed the scope of the prior representation, it was not unreasonable, arbitrary, or unconscionable for the trial court to not find that E.M.J. had waived her right to object to opposing counsel. Appellants' second assignment of error is overruled.

III.

{¶26} Appellants' assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JAMES H. BANKS, pro se, Appellant.

JAMES H. BANKS, Attorney at Law, for Appellant.

NINA M. NAJJAR, pro se, Appellant.

DAVID C. HIPP, Attorney at Law, for Appellee.