[Cite as *Maurer v. Wayne Cty. Bd. of Commrs.*, 2017-Ohio-6927.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

TONI MAURER, et al.

    Appellants

    v.

WAYNE COUNTY BOARD OF COUNTY
COMMISSIONERS, et al.

    Appellees

C.A. No.     16AP0022

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    13-CV-0361

DECISION AND JOURNAL ENTRY

Dated: July 24, 2017

TEODOSIO, Judge.

{¶1}   Appellants, Toni Maurer and Thomas Maurer, appeal the order of the Wayne County Court of Common Pleas granting summary judgment in favor of the Wayne County Board of County Commissioners and denying the Maurers' motion for summary judgment. We affirm.

I.

{¶2}   Thomas Maurer was elected Sheriff of Wayne County for a four-year term beginning in January 2009 and ending in December 2013. In January of 2012, Mr. Maurer's wife, Toni Maurer, lost hearing in her left ear and was subsequently diagnosed with Meniere's disease. Ms. Maurer was a candidate for a cochlear implant, and the Maurers submitted a request for coverage to Aetna Life Insurance Company as the third-party administrator for the self-funded plan of the Wayne County Board of County Commissioners. Ms. Maurer was a

beneficiary of this Wayne County Health Plan, which was provided to Mr. Maurer as an employee of Wayne County.

{¶3} Coverage was initially approved, but upon further inquiry, Mr. Maurer was told the approval was given in error and a decision was issued denying coverage. In August 2012, the Maurers appealed the third-party administrator's decision to deny coverage. That appeal was denied, and the Maurers did not file a second level appeal. Ms. Maurer subsequently chose to undergo the cochlear implant procedure. In June 2013, the Maurers filed a declaratory judgment action in the Wayne County Court of Common Pleas, and on March 23, 2016, the trial court granted summary judgment in favor of the Wayne County Board of County Commissioners. The Maurers now appeal, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN GRANTING THE DECLARATOY JUDGMENT IN FAVOR OF THE APPELLEES BY FINDING THAT APPELLANT DID NOT EXHAUST OTHER ADMINISTRATIVE REMEDIES AVAILABLE TO THEM PRIOR TO FILING SUIT.

{¶4} In their first assignment of error, the Maurers argue the trial court erred in granting declaratory judgment in favor of Wayne County on the basis of their failure to exhaust administrative remedies that were available prior to the filing of this action. We disagree.

{¶5} Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977),

citing Civ.R. 56(C). Moreover, a declaratory judgment action to determine the rights of the insured under an insurance policy is a question of law and properly tried before the trial court judge rather than a jury. *Leber v. Smith,* 70 Ohio St.3d 548, 553 (1994). "Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo." (Emphasis deleted.) *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108 (1995).

{¶6} "The exhaustion of administrative remedies doctrine is a well-established principle of Ohio law." *Waliga v. Coventry Twp.*, 9th Dist. Summit No. 22015, 2004-Ohio-5683, ¶ 12. "[T]he doctrine requires that a party exhaust available administrative remedies prior to seeking court action in an administrative matter. *Id.* However, we have recognized that the exhaustion doctrine is not absolute. *Buga v. Lorain*, 9th Dist. Lorain No. 15CA010752, 2016-Ohio-3101, ¶ 12. "[I]f resort to administrative remedies would be wholly futile, exhaustion is not required." *Karches v. Cincinnati*, 38 Ohio St.3d 12, 17 (1988).

{¶7} "The Supreme Court of Ohio has described the futility exception as not requiring a litigant to take a 'vain act' before initiating a judicial action." *Buga* at ¶ 12, citing *State ex rel. Teamsters Local Union No. 436 v. Cuyahoga Cty. Bd. of Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, ¶ 24. "A vain act is defined in the context of lack of authority to grant administrative relief and not in the sense of lack of probability that the application for administrative relief will be granted." *Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 115 (1990), quoting *Gates Mills Invest. Co. v. Village of Pepper Pike*, 59 Ohio App.2d 155, 167 (8th Dist.1978). "The focus is on the power of the administrative body to afford the requested relief, and not on the happenstance of the relief being granted." (Emphasis deleted.) *Id*. Therefore, participation in the "administrative process would constitute a vain act only if the administrative body had no

authority to grant the relief he sought." (Emphasis deleted.) *Id.*; *see also Rural Bldg. of Cincinnati, L.L.C. v. Evendale*, 1st Dist. Hamilton No. C–140404, 2015–Ohio–1614, ¶ 11 ("Futility in this context means not that the administrative agency would not grant the requested relief, but that the administrative agency lacks the authority or power to grant the relief sought."); *BP Communications Alaska, Inc. v. Cent. Collection Agency*, 136 Ohio App.3d 807, 813 (8th Dist.2000) (stating that futility exception "applies when it would be impracticable to pursue the administrative remedy * * * because the administrative entity lacks the authority to render relief * * *.").

{¶8}　We first look to what administrative remedies were available to the Maurers. The Wayne County benefit plan, effective on January 1, 2012, provides for an enrolled individual to appeal from an "Adverse Benefit Determination" and likewise provides for a second level appeal. A "Final Internal Adverse Benefit Determination" is defined by the plan as "an Adverse Benefit Determination that has been upheld by the appropriate named fiduciary (Aetna) at the completion of the internal appeals process, or an Adverse Benefit Determination for which the internal appeals process has been exhausted." Under the heading "Exhaustion of Internal Appeals Process," the plan notes that "[g]enerally, you are required to complete all appeal processes of the Plan before being able to bring an action in litigation." The plan further provides: "If you do not agree with the Final Internal Adverse Benefit Determination on review, you have the right to bring a civil action * * *."

{¶9}　A letter from Aetna to the Maurers, dated August 28, 2012, is a decision on the Maurers' initial appeal that upholds the previous decision to deny coverage for the proposed cochlear implant. The letter states: "If you disagree with this decision, <u>you may request a second</u>

level appeal." (Emphasis sic.) The letter also references an enclosed document titled "Aetna Appeal Process & Member Rights" that sets forth the process for a second level appeal.

{¶10} Both the benefit plan and the letter of August 28, 2012, provide for a second level appeal that the Maurers did not pursue. Regardless of whether there was any likelihood whatsoever that an appeal would be successful, the Maurers failed to exhaust the administrative appeal process. There was authority for a second level appeal, as was clearly stated in the letter sent to the Maurers, and we have no evidence before us that there was a lack of authority to grant the requested relief. While we are sympathetic to the Maurers' belief that there is nothing to indicate that Aetna would change its position on a second level appeal, this is an argument that goes towards probabilities rather than authority. We do not have evidence before us in the record, nor will we speculate, as to what further information or arguments may have been provided at a second level appeal. Likewise, we cannot determine from the record what a second level review would have encompassed, what level of discretion the reviewing entity would have possessed, or what possible theories of relief could have been proposed, considered, or potentially adopted.

{¶11} The Maurers did not exhaust the administrative remedies available to them prior to filing this action, and the futility exception is not applicable under the circumstances of this case. Therefore, the trial court did not err in granting declaratory judgment in favor of Wayne County on the basis of the failure to exhaust administrative remedies. The Maurers' first assignment of error is overruled.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN GRANTING THE DECLARATORY JUDGMENT IN FAVOR OF THE APPELLEES BY FINDING THAT THE WAYNE COUNTY HEALTH INSURANCE CLAIM IS PROPERLY CHANGED TO EXCLUDE COCHLEAR IMPLANTS.

**{¶12}** In their second assignment of error, the Maurers argue the trial court erred in finding that changes to the Wayne County health plan to specifically exclude cochlear implants were permitted by law. We decline to address this argument, as our resolution of the Maurers' first assignment of error is dispositive of this appeal.

III.

**{¶13}** The Maurers' first assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
<u>CONCURS.</u>

CARR, J.
<u>CONCURS IN JUDGMENT ONLY.</u>

<u>APPEARANCES:</u>

WILLIAM ANFANG III, Attorney at Law, for Appellants.

PAUL L. JACKSON and KAREN D. ADINOLFI, Attorneys at Law, for Appellee.