[Cite as *State ex rel. Mansfield Motorsports Speedway, L.L.C., v. Dropsey*, 2012-Ohio-968.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, EX REL.<br>MANSFIELD MOTORSPORTS<br>SPEEDWAY, LLC, ET AL. | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Julie A. Edwards, J. |
| Relators-Appellants | |
| vs. | |
| PATRICK W. DROPSEY,<br>RICHLAND COUNTY AUDITOR, ET AL. | Case No. 11CA65 |
| Respondents-Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 11CV230D

JUDGMENT:      Affirmed in Part

DATE OF JUDGMENT:      March 7, 2012

APPEARANCES:

For Relators-Appellants

ROBERT A. FRANCO
1007 Lexington Avenue
Mansfield, OH 44907

For Respondents-Appellees

STEVEN M. WILDERMUTH
38 South Park Street
Mansfield, OH 44902

RYAN P. O'ROURKE
DANIEL W. FAUSEY
30 East Broad Street, 25th Floor
Columbus, OH 43215

*Farmer, J.*

{¶1}  From 2001 through 2004, appellant, Mansfield Motorsports Speedway, LLC, made improvements to its real property, including improvements to an oval race track and the building of grandstands, press boxes, concession stands, restrooms, etc.

{¶2}  Upon completion of the project, appellee, the Richland County Auditor, Patrick Dropsey, taxed the improvements as real property.  In September of 2009, appellee, the Tax Commissioner of Ohio, Joseph Testa, assessed use tax on these same improvements.

{¶3}  In July of 2010, appellee Tax Commissioner filed a use tax lien against appellant in the amount of $676,674.31.

{¶4}  On September 28, 2010, the Richland County Treasurer filed a foreclosure complaint against appellant (Case No. 10-CV-1287D) for non-payment of real property taxes.

{¶5}  On February 17, 2011, appellant filed a complaint for declaratory judgment and mandamus given the conflicting tax assessments.  Appellees filed motions to dismiss, claiming the trial court lacked jurisdiction as the assessment of real property taxes and use taxes should have been appealed to the Board of Revision and the Board of Tax Appeals, respectively.  By judgment entry filed June 13, 2011, the trial court dismissed the action, finding it lacked jurisdiction to hear the case, appellant failed to state a claim upon which relief can be granted, appellant had or has adequate legal remedies, and laches barred appellant's claims.

{¶6}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶7}  "THE TRIAL COURT ERRED IN CONCLUDING THAT IT LACKED SUBJECT MATTER JURISDICTION."

II

{¶8}  "THE TRIAL COURT ERRED IN CONCLUDING THAT PLAINTIFF-RELATOR-APPELLANTS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED."

III

{¶9}  "THE TRIAL COURT ERRED IN CONCLUDING THAT PLAINTIFF-RELATOR-APPELLANTS' FAILURE TO EXHAUST STATUTORILY PRESCRIBED ADMINISTRATIVE REMEDIES WAS A PREREQUISITE TO THE TRIAL COURT'S JURISDICTION."

IV

{¶10}  "THE TRIAL COURT ERRED BY FAILING TO CONSIDER WHETHER PLAINTIFF-RELATOR-APPELLANTS HAD A PLAIN AND ADEQUATE REMEDY IN THE ORDINARY COURSE OF THE LAW."

V

{¶11}  "THE TRIAL COURT ERRED BY FAILING TO CONSIDER WHETHER THE STATUTORILY PRESCRIBED ADMINISTRATIVE REMEDIES WERE EQUALLY SERVICEABLE."

VI

{¶12} "THE TRIAL COURT ERRED BY FAILING TO CONSIDER WHETHER IT HAD JURISDICTION UNDER O.R.C. § 2723.01 TO ENJOIN THE COLLECTION OF THE ILLEGAL LEVY OR COLLECTION OF TAXES."

VII

{¶13} "THE TRIAL COURT ERRED BY FAILING TO CONSIDER WHETHER IT HAD JURISDICTION TO DECIDE WHETHER THE ASSESSMENT OF TWO DIFFERENT, MUTUALLY EXCLUSIVE TAXES WAS CONSTITUTIONAL."

VIII

{¶14} "THE TRIAL COURT ERRED BY CONCLUDING THAT THE BOARD OF REVISION HAD THE AUTHORITY TO DETERMINE WHAT CONSTITUTES REAL AND PERSONAL PROPERTY UNDER O.R.C. § 5715.19."

IX

{¶15} "THE TRIAL COURT ERRED BY CONCLUDING THAT LATCHES WAS A BAR TO CLAIMS OF PLAINTIFF-RELATOR-APPELLANTS."

{¶16} In order to address the assignments of error, it is necessary to review the complaint filed in this case. Appellant requested declaratory judgment, seeking a declaration that the improvements in question constituted personal property subject to a use tax. In the alternative, appellant sought a finding that the improvements were real property not subject to a use tax.

{¶17} Appellant also requested a writ of mandamus to order appellee Auditor to reclassify the improvements as personal property and remove them from county real

estate tax rolls or in the alternative, order appellee Auditor to determine if the improvements were real or personal property.

{¶18} A constitutional challenge was not raised in the complaint. It was not raised until appellant's reply brief to appellees' motion to dismiss and only as a response to the failure to exhaust administrative remedies argument.

{¶19} The relative facts are set forth by the trial court in its judgment entry filed June 13, 2011 as follows:

{¶20} "This case is a declaratory judgment action by a motorsports speedway operator challenging the tax classification of the improvements made between 2001 and 2004, including installation and repair of a grandstand with private viewing boxes, a ticket box office, concessions stand, restrooms, a flag stand, specialty safety fencing, and repairs to the track surface. The plaintiff speedway operator asserts that the county auditor had classified and taxed most of these property improvements as real property as defined in Ohio Revised Code (R.C.) § 5701.02(A). The plaintiff speedway operator further contends that the state tax commissioner has ruled that the same property is business fixtures as defined in R.C. 5701.03(B). Business fixtures are tangible personal property whose purchase is subject to use taxes - reportedly in excess of $485,000 with penalties in this case.

{¶21} "In other words, plaintiff contends that the same property has been classified and taxed as both real property and personal property."

{¶22} It is conceded that appellant did not challenge the 2004 determination of appellee Auditor via R.C. 5715.19 nor did appellant pursue or challenge the 2009

determination of appellee Tax Commissioner that the improvements constituted personal property.

{¶23} With these uncontested facts, we will address the assignments of error.

## I, II, III

{¶24} Appellant claims the trial court erred in granting appellees' motion to dismiss the declaratory judgment action for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to exhaust administrative remedies as a prerequisite to jurisdiction.

{¶25} As stated supra, none of the statutory administrative procedures to challenge the tax assessments were exhausted. In *Dworning v. Euclid,* 119 Ohio St.3d 83, 2008-Ohio-3318, ¶9, the Supreme Court of Ohio explained the following:

{¶26} "It is a well-established principle of Ohio law that a party seeking relief from an administrative decision must pursue available administrative remedies before pursuing action in a court. *Noernberg v. Brook Park* (1980), 63 Ohio St.2d 26, 29, 17 O.O.3d 16, 406 N.E.2d 1095, citing *State ex rel. Lieux v. Westlake* (1951), 154 Ohio St. 412, 43 O.O. 343, 96 N.E.2d 414. We have stated, ' "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi* (1975), 422 U.S. 749, 765, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522. The purpose of the doctrine "***is to permit an administrative agency to apply its special expertise***in developing a factual record without premature judicial intervention." *Southern Ohio*

*Coal Co. v. Donovan (C.A.6,* 1985), 774 F.2d 693, 702. The judicial deference afforded administrative agencies is to "***'prepare the way, if the litigation should take its ultimate course, for a more informed and precise determination by the Court***.' " *Ricci v. Chicago Mercantile Exchange* (1973), 409 U.S. 289, 306, 93 S.Ct. 573, 582, 34 L.Ed.2d 525.' *Nemazee v. Mt. Sinai Med. Ctr.* (1990), 56 Ohio St.3d 109, 111-112, 564 N.E.2d 477."

{¶27} In *State ex rel. Albright v. Court of Common Pleas of Delaware County* (1991), 60 Ohio St.3d 40, 42, the Supreme Court of Ohio determined a declaratory judgment action is not appropriate "where special statutory procedures would be bypassed."

{¶28} R.C. 5717.02 governs complaints involving tax assessments by the tax commissioner and states the following in pertinent part:

{¶29} "Except as otherwise provided by law, appeals from final determinations by the tax commissioner of any preliminary, amended, or final tax assessments, reassessments, valuations, determinations, findings, computations, or orders made by the commissioner may be taken to the board of tax appeals by the taxpayer, by the person to whom notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by the commissioner is required by law to be given***.

{¶30} "Such appeals shall be taken by the filing of a notice of appeal with the board, and with the tax commissioner if the tax commissioner's action is the subject of the appeal,***. The notice of appeal shall be filed within sixty days after service of the notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by the commissioner or redetermination by the director has been

given as provided in section 5703.37, 5709.64, 5709.66, or 5733.42 of the Revised Code."

**{¶31}** R.C. 5715.19 governs complaints involving tax assessments by the county auditor. Subsection (A)(1) states the following in pertinent part:

**{¶32}** "(1) Subject to division (A)(2) of this section, a complaint against any of the following determinations for the current tax year shall be filed with the county auditor on or before the thirty-first day of March of the ensuing tax year or the date of closing of the collection for the first half of real and public utility property taxes for the current tax year, whichever is later[.]***

**{¶33}** "***The county auditor shall present to the county board of revision all complaints filed with the auditor."

**{¶34}** Appellant argues it is not within the purview of the county auditor/board of revision to determine whether the improvements to be taxed are real or personal property. However, in *Polaris Amphitheater Concerts, Inc. vs. Delaware County Board of Revision,* 118 Ohio St.3d 330, 2008-Ohio-2454, ¶17, the Supreme Court of Ohio found the determination was in fact within their power:

**{¶35}** "Although the BTA's finding of total value was supported by the BOE's appraisal, its allocation of value to land was not. The allocation of value between land and improvements does not constitute an arbitrary exercise; it relates to the basic method by which county auditors determine value. The Tax Commissioner's administrative rules direct the county auditors to arrive at total value by separately valuing the land and improvements. See Ohio Adm.Code 5703–25–07(B). The

commissioner also prescribes two different rules for land valuation and the valuation of improvements. Ohio Adm.Code 5703–25–07(C), 5703–25–11, and 5703–25–12."

**{¶36}** We therefore conclude a declaratory judgment action was not the appropriate vehicle to challenge the determinations of appellee Auditor and appellee Tax Commissioner on the taxation of the improvements.

**{¶37}** Upon review, we conclude the trial court was correct in granting the dismissal of the declaratory judgment action.

**{¶38}** Assignments of Error I, II, and III are denied.

IV, V

**{¶39}** Appellant claims the trial court erred in granting appellees' motion to dismiss the mandamus action.

**{¶40}** In order to be entitled to the issuance of a writ of mandamus, appellant must demonstrate 1) that appellant has a clear legal right to the relief prayed for; 2) that respondents are under a clear legal duty to perform the acts; and 3) that appellant has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Harris v. Rhodes* (1978), 54 Ohio St.2d 41, 42, citing *State ex rel. National City Bank v. Board of Education* (1977), 52 Ohio St.2d 81. The function of a writ of mandamus is to compel the performance of a present existing legal duty which is in default. *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167. Mandamus contemplates the performance of an act which is incumbent upon the respondent by clear legal order or statutory or constitutional obligation to perform. Id.

{¶41} Appellant requested a writ of mandamus to force appellee Auditor to determine that the improvements were personal or in the alternative, to make a determination on whether the improvements were real or personal.

{¶42} As a result of appellant's failure to challenge the determination of the improvements as real property, the property has been assessed since 2004 as real property. Also, as a result of appellant's failure to challenge the 2009 determination of the improvements as personal property, the improvements have been double taxed since 2009 as both real and personal. Appellant is clearly the "architect of its own demise."

{¶43} Appellees readily admit the imposition of both taxes is not correct, but argue because appellant failed to challenge either decision, it has given up its adequate remedy at law. Appellant naturally decries that this is not a just imposition of taxes and someone has to rectify the problem.

{¶44} First, with each new tax bill from the county auditor, appellant can challenge and bring the issue to the auditor's attention via the board of revision and request a determination on the improvements' real nature. Therefore, going forward since 2009, twice each year appellant has an adequate remedy at law.

{¶45} What remains unsolved is the imposition of both taxes from 2009 to date. The unchallenged determinations from 2004 to 2009 are proper tax assessments because of appellant's failure to challenge them. Further, a foreclosure action by the County Treasurer is pending and summary judgment has been granted to the treasurer for back taxes. Therefore, there is a clear avenue to contest appellee Tax

Commissioner's levy of personal property tax as invalid given the trial court's determination of the validity of appellee Auditor's tax assessment.

**{¶46}** Upon review, we find there exist adequate remedies at law to resolve the issue; therefore, we find the trial court was correct in determining a writ of mandamus did not lie.

**{¶47}** Assignments of Error IV and V are denied.

### VI, VII, VIII

**{¶48}** These assignments raise issues not presented as claims in the complaint. First, appellant argues R.C. 2723.01 empowers the trial court to enjoin the illegal levy or collection of taxes and secondly, appellant argues the assessment of both a personal property tax and a real property tax is unconstitutional.

**{¶49}** Appellant cannot raise new issues on appeal that were not raised in its complaint. *Gentile v. Ristas,* 160 Ohio App.3d 765, 2005–Ohio–2197, ¶74; *Budd v. Kinkela,* Franklin App. No. 01AP-1478, 2002-Ohio-4311, ¶17; *State v. Awan* (1986), 22 Ohio St.3d 120.

**{¶50}** We find the *Polaris* case cited supra to be controlling. The *Polaris* court has determined the county auditor may make the determination relative to real and personal property pursuant to the administrative review of R.C. 5715.19.

**{¶51}** Assignments of Error VI, VII, and VIII are denied.

### IX

**{¶52}** Appellant claims the trial court erred in determining the doctrine of laches barred its claims.

{¶53}  Based upon our decisions in Assignments of Error IV and V, there still remain remedies available where laches may not lie.

{¶54}  Assignment of Error IX is granted.

{¶55}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed in part.

By Farmer, J.

Delaney, P.J.  concur  and

Edwards, J. dissents.


s/ Sheila G. Farmer_____


s/ Patricia A. Delaney_____


_____

JUDGES

SGF/sg 112

EDWARDS, J., DISSENTING OPINION

{¶56} I disagree with the majority's determination that there is an adequate remedy of law for appellant as to the imposition of both taxes from 2009 to date. The majority states "…a foreclosure action by the County Treasurer is pending and summary judgment has been granted to the treasurer for back taxes. Therefore, there is a clear avenue to contest appellee Tax Commissioner's levy of personal property tax as invalid given the trial court's determination of the validity of appellee Auditor's tax assessment."

{¶57} This "remedy" appears to place the trial court in the same position it was in when asked to issue a declaratory judgment and writ of mandamus. It must determine which assessment is correct or valid. Once again, the trial court will say, both are valid because appellant failed to exhaust his administrative appeals of these tax decisions.

{¶58} Therefore, I would reverse and remand this case to the trial court on the issues of declaratory judgment and writ of mandamus as to the time periods when double taxation has occurred. While I agree that the appellant has failed to challenge the tax assessments in a timely manner and that generally he should just have to accept the consequences, this situation is different.

It is different because of the fundamental injustice of being taxed twice by the government when one entity of government has determined that certain property should be taxed as real estate and another entity of government has determined the property should be taxed as personal property.



Judge Julie A. Edwards

[Cite as *State ex rel. Mansfield Motorsports Speedway, L.L.C., v. Dropsey*, 2012-Ohio-968.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO, EX REL. | : | |
| MANSFIELD MOTORSPORTS | : | |
| SPEEDWAY, LLC, ET AL. | : | |
| | : | |
| Relators-Appellants | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| PATRICK W. DROPSEY, | : | |
| RICHLAND COUNTY AUDITOR, ET AL. | : | |
| | : | |
| Respondents-Appellees | : | CASE NO. 11CA65 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed in part. Costs to appellant.


s/ Sheila G. Farmer_____


s/ Patricia A. Delaney_____


_____

JUDGES