[Cite as *Hamilton v. Mansfield Motorsports Speedway, L.L.C.*, 2012-Ohio-2446.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BART W. HAMILTON, TREASURER RICHLAND COUNTY, OHIO | JUDGES: Hon. W. Scott Gwin, P. J. Hon. John W. Wise, J. |
| Plaintiff-Appellee | Hon. Julie A. Edwards, J. |
| -vs- | Case No. 11 CA 103 |
| MANSFIELD MOTORSPORTS SPEEDWAY, LLC, et al., | O P I N I O N |
| Defendant-Appellant | |

CHARACTER OF PROCEEDING:        Civil Appeal from the Court of Common
                                Pleas, Case No.  10 CV 1287D

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         May 31, 2012

APPEARANCES:

For Plaintiff-Appellee

JAMES J. MAYER, JR.
PROSECUTING ATTORNEY
STEPHEN M. WILDERMUTH
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio  44902

For Defendant-Appellant

ROBERT A. FRANCO
1007 Lexington Avenue
Mansfield, Ohio  44907

*Wise, J.*

**{¶1}** Defendant-Appellant Mansfield Motorsports Speedway, LLC appeals the October 5, 2011, decision of the Court of Common Pleas of Richland County, Ohio, granting summary judgment in favor of Plaintiff-Appellee Bart W. Hamilton, Treasurer, Richland County, Ohio, and denying Defendant-Appellant's motion for default judgment on its counterclaim.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** The relevant facts and procedural history are as follows:

**{¶3}** From 2001 through 2004, Appellant, Mansfield Motorsports Speedway, LLC, made improvements to its real property, including installation and repair of a grandstand with private viewing boxes, a ticket box office, concessions stand, restrooms, a flag stand, specialty safety fencing, and repairs to the oval race track surface.

**{¶4}** Upon completion of the project, the Richland County Auditor, Patrick Dropsey, taxed the improvements as real property. In September of 2009, the Tax Commissioner of Ohio, Joseph Testa, assessed use tax on these same improvements.

**{¶5}** It is conceded that Appellant did not challenge the 2004 determination of the Auditor via R.C. §5715.19, nor did Appellant pursue or challenge the 2009 determination of the Tax Commissioner that the improvements constituted personal property.

**{¶6}** In July of 2010, the Tax Commissioner filed a use tax lien against Appellant in the amount of $676,674.31.

{¶7} On September 28, 2010, Appellee Richland County Treasurer filed a foreclosure complaint against Appellant (Case No. 10-CV-1287D) for non-payment of real property taxes, which is the subject of this appeal.

{¶8} On November 30, 2010, Appellant Mansfield Motorsports Speedway filed a motion for leave to file an amended answer and counter-claim

{¶9} By Entry filed December 6, 2010, the trial court granted leave to Appellant to file an amended answer and counter-claim.

{¶10} On February 17, 2011, Appellant filed a complaint for declaratory judgment and mandamus given the conflicting tax assessments. In that action, Appellant sought a declaration that the improvements in question constituted personal property subject to a use tax.  In the alternative, Appellant sought a finding that the improvements were real property not subject to a use tax. Appellant also requested a writ of mandamus to order the Auditor to reclassify the improvements as personal property and remove them from county real estate tax rolls or, in the alternative, order the Auditor to determine if the improvements were real or personal property. See Stark County Common Pleas Court Case No. 11CV230D.

{¶11} By Order filed May 2, 2011, upon motion filed by Appellant Mansfield Motorsports Speedway, the trial court stayed the foreclosure proceedings in the instant case pending final resolution of the declaratory judgment action.

{¶12} In the declaratory judgment action, the defendants therein filed motions to dismiss, claiming the trial court lacked jurisdiction as the assessment of real property taxes and use taxes should have been appealed to the Board of Revision and the Board of Tax Appeals, respectively.

{¶13} By judgment entry filed June 13, 2011, the trial court dismissed the declaratory judgment action, finding it lacked jurisdiction to hear the case, Appellant failed to state a claim upon which relief can be granted, Appellant had or has adequate legal remedies, and laches barred Appellant's claims.

{¶14} On July 8, 2011, Appellee Treasurer filed a motion to lift the stay, which was granted on August 4, 2011,

{¶15} On August 8, 2011, Appellee Treasurer filed a motion for summary judgment.

{¶16} On August 16, 2011, Appellant filed its memorandum in opposition to Appellee's motion for summary judgment.

{¶17} On August 16, 2011, Appellant also filed its own motion for summary judgment and motion for default judgment on its counterclaim.

{¶18} On September 19, 2011, the Richland County Auditor filed a motion to intervene.

{¶19} On September 19, 2011, Appellee Treasurer filed its response in opposition to Appellant's motion for summary and default judgment.

{¶20} By Judgment Entry filed October 5, 2011, the trial court granted summary judgment in favor of Plaintiff-Appellee Bart W. Hamilton, Treasurer, Richland County, Ohio, and denied Defendant-Appellant's motion for default and summary judgment on its counterclaim. The trial court also denied the county auditor's motion to intervene for failure to comply with Loc.R. 1.04.

{¶21} This Court, by Opinion dated March 7, 2012, affirmed the trial court's dismissal of the declaratory judgment action, finding that not all of the statutory

administrative procedures to challenge the tax assessments were exhausted and therefore, a declaratory judgment action was not the appropriate vehicle to challenge the determinations of the Auditor and the Tax Commissioner on the taxation of the improvements. This Court did, however, find that there still remain remedies available where laches may not lie. See *State of Ohio, Ex Rel Mansfield Motorsports Speedway, LLC, et al. v. Patrick W. Dropsey, Richland County Auditor, et al.*, Richland App. No. 2011 CA 0065, 2012-Ohio-968.

{¶22} Appellant now appeals the trial court's October 5, 2011, decision in the instant foreclosure case, assigning the following assignments of error.

## ASSIGNMENTS OF ERROR

{¶23} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE (AT THE VERY LEAST, A MATERIAL FACT REMAINS TO BE LITIGATED).

{¶24} "II. THE TRIAL COURT ERRED IN CONCLUDING THAT THERE WAS NO CONSTITUTIONAL VIOLATION IN THIS CASE.

{¶25} "III. THE TRIAL COURT ERRED IN FAILING TO ALLOW DEFENDANT-APPELLANT TO PRESENT A DEFENSE THAT THE TAX GIVING RISE TO PLAINTIFF-APPELLEE'S FORECLOSURE ACTION WAS AN UNCONSTITUTIONAL ASSESSMENT.

{¶26} "IV. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN CONCLUDING THAT NO RESPONSIVE PLEADING WAS REQUIRED ON DEFENDANT-APPELLANT'S COUNTERCLAIM, AND THAT DEFENDANT-APPELLANT WAS NOT ENTITLED TO SUMMARY AND DEFAULT JUDGMENT.

**{¶27}** "V. THE TRIAL COURT ERRED IN CONCLUDING THAT COLLATERAL ESTOPPEL BARRED DEFENDANT-APPELLANT'S COUNTERCLAIM AND DEFENSE.

**{¶28}** "VI. THE TRIAL COURT ERRED IN CONCLUDING THAT LACHES BARRED DEFENDANT-APPELLANT'S COUNTERCLAIM AND DEFENSE."

### I., II., III.

**{¶29}** In its first three Assignments of Error, Appellant argues that the trial court erred in granting summary judgment in favor of Appellee. We disagree.

### "Summary Judgment Standard"

**{¶30}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:

**{¶31}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

{¶32} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶33} It is based upon this standard that we review Appellant's assignments of error.

{¶34} In the case *sub judice*, the county treasurer initiated the foreclosure action against Appellant for unpaid real estate taxes.

{¶35} In its Amended Answer and Counterclaim, Appellant challenged the real property tax assessment as unconstitutional. Appellant also filed the declaratory judgment action described above to challenge the tax assessments, seeking a declaration that the improvements at issue in this case were personal property and thus subject to use tax, or in the alternative, were real estate improvements and thus not subject to use tax.

**{¶36}** As this Court stated in the Declaratory Judgment action, at no time prior to the filing of the foreclosure action did Appellant avail himself of the statutory administrative procedures to challenge the tax assessments.

**{¶37}** The exhaustion of administrative remedies doctrine requires that where an administrative remedy is available, relief must be sought by exhausting the remedy before a court will act. *Nemazee v. Mt. Sinai Med. Ctr.* (1990), Ohio St.3d 109, 56 Ohio St.3d 109, 564 N.E.2d 477,syllabus.

**{¶38}** In the appeal of the declaratory judgment, this Court found that R.C. §5717.02 governs complaints involving tax assessments by the tax commissioner and states the following in pertinent part:

**{¶39}** "Except as otherwise provided by law, appeals from final determinations by the tax commissioner of any preliminary, amended, or final tax assessments, reassessments, valuations, determinations, findings, computations, or orders made by the commissioner may be taken to the board of tax appeals by the taxpayer, by the person to whom notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by the commissioner is required by law to be given ***.

**{¶40}** "Such appeals shall be taken by the filing of a notice of appeal with the board, and with the tax commissioner if the tax commissioner's action is the subject of the appeal ***. The notice of appeal shall be filed within sixty days after service of the notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by the commissioner or redetermination by the director has been given as provided in section 5703.37, 5709.64, 5709.66, or 5733.42 of the Revised Code."

{¶41} This Court went on to find that R.C. §5715.19 governs complaints involving tax assessments by the county auditor.  Subsection (A)(1) states the following in pertinent part:

{¶42} "(1) Subject to division (A)(2) of this section, a complaint against any of the following determinations for the current tax year shall be filed with the county auditor on or before the thirty-first day of March of the ensuing tax year or the date of closing of the collection for the first half of real and public utility property taxes for the current tax year, whichever is later[.]***

{¶43} "***The county auditor shall present to the county board of revision all complaints filed with the auditor."

{¶44}  As in the previous appeal, we likewise find the tax foreclosure action is not the appropriate vehicle to challenge the determinations of the Auditor and the Tax Commissioner, neither of which are parties to this action, on the taxation of the improvements.

{¶45}  Appellant's first three Assignments of Error are overruled.

### IV., V., VI.

{¶46}  In its remaining Assignments of Error, Appellant argues that the trial court erred in determining that no responsive pleading was required on its counterclaim and in not granting summary and default judgment on same.  We disagree.

{¶47} The trial court, in its summary judgment ruling, found that Appellant was not entitled to summary and default judgment on its counterclaim as such counterclaim "simply denies that the tax was assessed against its real property."  As such, the trial court found that such was "a defense which does not require an answer".

**{¶48}** Upon review, we find that Appellant, in its counterclaim, alleged that Appellee Treasurer had been improperly including personal property in determining the value of its real property for tax purposes and that as a result, it had been over-taxed.

**{¶49}** The problem with Appellant's argument is that the Treasurer, the Appellee and Plaintiff in this case, is only responsible for collection of taxes.  It is the Auditor, not the Treasurer, whose statutory obligation is to categorize property as real or personal and to determine how much tax is owed.

**{¶50}** Further, as stated above, Appellant in this case failed to appeal his tax assessment and request a hearing with Richland County Board of Revision, therein failing to exhaust all of its administrative remedies.

**{¶51}** Based on the foregoing, we find that Appellant's counterclaim failed to state a claim upon which relief could be granted and that such did not require an Answer.

**{¶52}** Based on the foregoing, we find the trial court did not err in denying Appellant's motion for summary and default judgment on its counterclaim.

**{¶53}** Appellant's assignments of error are overruled.

**{¶54}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By: Wise, J.
Gwin, P. J., concurs.
Edwards, J., dissents.



JUDGES

JWW/d 0509

EDWARDS, J., DISSENTING OPINION

{¶55}  I respectfully dissent from the analysis and disposition of this case by the majority.

{¶56}  In *State of Ohio, Ex Rel Mansfield Motorsport Speedway, LLC, et al. v. Patrick W. Dropsey, Richland County Auditor, et al.,* Richland App. No. 2011 CA 0065, 2012-Ohio-968, I wrote a dissenting opinion stating that the trial court should have allowed the declaratory judgment action to proceed as to the years in which the appellant was double taxed.

{¶57}  Therefore, until such declaratory judgment action occurs and has an end result, a grant of summary judgment on the foreclosure action for real estate taxes is premature.


_____

Judge Julie A. Edwards


JAE/rmn

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


BART W. HAMILTON, TREASURER            ;
RICHLAND COUNTY, OHIO                   :
                                        :
     Plaintiff-Appellee              :
                                        :
-vs-                                    :          JUDGMENT ENTRY
                                        :
MANSFIELD MOTORSPORTS                   :
SPEEDWAY, LLC, et al.,                  :
                                        :
     Defendant-Appellant             :          Case No. 11 CA 103


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

Costs assessed to Appellant.


_____

_____

_____

              JUDGES