[Cite as *Walls v. Lorain Cty. Bd. of Revision*, 2015-Ohio-5448.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JOHN WALLS

    Appellant

    v.

LORAIN COUNTY BOARD OF
REVISION, et al.

    Appellees

C.A. No.     14CA010682

APPEAL FROM JUDGMENT
ENTERED IN THE
OHIO BOARD OF TAX APPEALS
STATE OF OHIO
CASE No.    2013-3184

DECISION AND JOURNAL ENTRY

Dated: December 28, 2015

WHITMORE, Judge.

{¶1} Appellant, John Walls, appeals the decision of the Ohio Board of Tax Appeals ("BTA") determining the tax value of parcel number 02-01-008-101-103 in Lorain County as of January 1, 2012. This Court affirms.

I

{¶2} Walls bought the subject property, which was formerly a YMCA, for $90,000 in January 2009. The six-year reappraisal in Lorain County occurred for tax year 2012. At that point, the county auditor decreased the value on the subject property from $610,900 to $303,500. Walls filed a complaint with the Lorain County Board of Revision ("BOR") seeking a reduction in value to $90,000.

{¶3} At the BOR hearing, Walls testified and presented the testimony of the real estate broker from the 2009 sale. In addition, a one-page "report" from the broker discussing the sale of the subject property and another YMCA was submitted. It is undated, but states that the value

should be adjusted to the $90,000 purchase price. Finding the evidence insufficient to support a value change, the BOR maintained the county auditor's value.

{¶4} Walls appealed to the BTA. The BTA held an evidentiary hearing at which Walls testified. The BTA approved the BOR's value for the property.

{¶5} Walls appeals raising one assignment of error for our review.

Assignment of Error

THE BOARD OF TAX APPEALS ACTED UNREASONABLY AND UNLAWFULLY WHEN IT DETERMINED THAT THE TRUE VALUE OF THE SUBJECT PREMISES IS $303,500.

{¶6} Walls advances three arguments under his assignment of error. First, he challenges the BTA's exclusion of certain exhibits. Second, he argues that the BTA erred by not utilizing the 2009 sale price. Third, he contends that the BTA improperly failed to consider his real estate broker's opinion of value. We disagree on all three points.

{¶7} When a case is appealed from a board of revision to the BTA, the burden of proof is on the appellant to demonstrate his right to an increase or a decrease from the value determined by the board of revision. *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 124 Ohio St.3d 27, 2009-Ohio-5932, ¶ 27. "The true value of property is a 'question of fact, the determination of which is primarily within the province of the taxing authorities,' and accordingly, we 'will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful.'" *Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, ¶ 9, quoting *Cuyahoga Cty. Bd. of Revision v. Fodor*, 15 Ohio St.2d 52 (1968), syllabus; *see also* R.C. 5717.04. We will affirm the BTA's determination if the record contains reliable and probative support for it. *Worthington* at ¶ 30.

Exclusion of Exhibits

{¶8}   At the BTA hearing, Walls sought for the first time to introduce two real property conveyance fee statements of value and receipt – one for the subject property and one for another former YMCA property.  The County appellees objected because the conveyance fee statements had not been introduced at the BOR hearing, and the Board of Education joined in the objection.  The BTA sustained the objection based on R.C. 5715.19(G).

{¶9}   R.C. 5715.19(G) provides:

A complainant shall provide the board of revision all information or evidence within the complainant's knowledge or possession that affects the real property that is the subject of the complaint.  A complainant who fails to provide such information or evidence is precluded from introducing it on appeal to the board of tax appeals or the court of common pleas, except that the board of tax appeals or court may admit and consider the evidence *if the complainant shows good cause for the complainant's failure to provide the information or evidence to the board of revision*.

(Emphasis added.)  We review the BTA's decision whether to admit additional evidence that was not introduced at the BOR hearing for an abuse of discretion.  *Gatson v. Medina Cty. Bd. of Revision*, 133 Ohio St.3d 18, 2012-Ohio-3872, ¶ 24.  An abuse of discretion indicates that the decision was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} Walls argues that the conveyance fee statements were public records and "would neither surprise nor prejudice the appellees."  Walls did not argue to the BTA, nor has he argued to this Court, that his failure to provide the conveyance fee statements at the BOR hearing was based on "good cause."  The exception permitting the BTA to admit evidence which was not provided by a complainant to the BOR is based upon good cause, not whether the other parties might be prejudiced by its admission.  Consequently, the BTA did not abuse its discretion in precluding the introduction of this evidence for the first time on appeal to it.

2009 Sale

{¶11} "The best evidence of the 'true value in money' of real property is an actual, recent sale of the property in an arm's-length transaction." *Akron City School Dist. Bd. of Edn*., 2014-Ohio-1588, at ¶ 12, quoting *Conalco v. Monroe Cty. Bd. of Revision*, 50 Ohio St.2d 129 (1977), paragraph one of the syllabus. Recency encompasses a variety of factors that change with the passage of time, and thereby, impact the property value. *Cummins Property Services, L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, ¶ 35. Among these factors are developments in the marketplace and improvements made to the property between the sale date and the tax lien date. *Id*.

{¶12} "[A] sale that occurred more than 24 months before the lien date and that is reflected in the property record maintained by the county auditor or fiscal officer should not be presumed to be recent when a different value has been determined for that lien date as part of the six-year reappraisal." *Akron City School Dist. Bd. of Edn.* at ¶ 26. In conducting a reappraisal, the auditor considers not just the sale price, but "all relevant factors" affecting the current value of the property. *Id.* at ¶ 24. When challenging this reappraised value, "the proponent of the [older than 24-month] sale price as the value should come forward with evidence showing that the market conditions or the character of the property has not changed between the sale date and the lien date." *Id.* at ¶ 26.

{¶13} The Lorain County Auditor determined the value of the subject property for January 1, 2012 as part of a six-year reappraisal. Among the items listed on the property record card is the January 27, 2009 sale price. The auditor determined the property value for the 2012 tax year, while lower than its previous value, was not as low as the 2009 sale price. Because the sale reflected on the property record card occurred more than 24 months before the tax lien date

and the auditor determined a different value for the property as part of a six-year reappraisal, the sale is not presumptively recent for valuation purposes.

{¶14} Therefore, Walls had the burden to show that the market conditions or character of the property had not changed between the sale date and the tax lien date. Walls testified that, despite spending significant money on the subject property since its purchase, he has operated it at a loss every year. According to Walls the property had been neglected when he bought it. In addition to needing to paint the exterior and interior, Walls indicated that he repaired or improved the air conditioning, plumbing, and roof. He testified that he put in concrete sidewalks. He further testified that the property previously contained an Olympic-size swimming pool, which he considered a liability issue. So, he "decked it and turfed it" converting the space into a field house that is now used for soccer.

{¶15} Walls contends that the property "remains one of two special-use properties previously owned by the YMCA in Lorain County." While there may have been only two YMCAs that sold in Lorain County, Walls does not develop how this prior ownership might distinguish the property from other fitness facilities. Moreover, Walls fails to cite any legal authority regarding "special-use properties" or to explain its significance, if any, to the recency issue. *See* App.R. 16(A)(7).

{¶16} Walls also references a 2010 BOR decision concerning the property in which the BOR reduced its value.[1] Determinations from an earlier tax year are not dispositive of the value of the property for tax year 2012. *See Freshwater v. Belmont Cty. Bd. of Revision*, 80 Ohio St.3d

---

[1] The BTA, subsequently, found that the BOR had acted without jurisdiction; "the practical result * * * being the reinstatement of the auditor's original values." *Bd. of Edn. of Lorain City School Dist. v. Lorain Cty. Bd. of Revision*, BTA Nos. 2010-X-3220 and 2010-X-3221, 2013 WL 494375, *2 (Jan. 29, 2013).

26, 29 (1997) ("When the BTA makes a determination of true value for a given year, such determination is to be based on the evidence presented to it in that case, uncontrolled by the value assessed for prior years.")  Moreover, the 2010 decision concerned a tax lien date of January 1, 2009.  The sale of the property occurred on January 27, 2009, which was within one month of that tax lien date.  The tax lien date at issue in the current appeal, by contrast, is over 35 months after the sale date.

{¶17} The record contains reliable and probative support for the BTA's determination that the 2009 sale was not a reliable indicator of value as it was not recent to the 2012 tax lien date and its condition had changed between the purchase date and the tax lien date.

Broker's Testimony and "Report"

{¶18} When there is not a recent, arm's-length sale of the property to determine value, "an appraisal becomes necessary." *State ex rel. Park Inv. Co. v. Bd. of Tax Appeals*, 175 Ohio St. 410, 412 (1964).  "An expert's opinion of value in a tax valuation case is of little help to the trier of fact if the expert does not explain the basis for the opinion." *Freshwater* at 30.

{¶19} "The BTA as the finder of fact has wide discretion to determine the weight and credibility of witnesses; thus, it may accept all, part, or none of the testimony of a witness." *Simmons v. Cuyahoga Cty. Bd. of Revision*, 81 Ohio St.3d 47, 48 (1998).  "The BTA's discretion to reject evidence includes the discretion to reject evidence contained in a transcript from a board of revision." *Hotel Statler v. Cuyahoga Cty. Bd. of Revision*, 79 Ohio St.3d 299, 303 (1997). We will not reverse such a decision unless that discretion has been abused. *Id.* at 304.

{¶20} After concluding that there was no recent sale of the property, the BTA found that Walls did not "provide a competent appraisal of the subject property, attested to by a qualified expert, for the tax lien date in issue."  We need not decide whether the broker qualified as an

expert because he did not explain the basis for his opinion beyond an argument in favor of the 2009 sale price. As previously explained, the BTA's determination that the 2009 sale was not recent, and therefore not a reliable indicator of the value, is supported by the record.

{¶21} At the BOR hearing, the broker testified regarding the sales of two YMCAs in Lorain County, one of which is the subject of this appeal. He admitted that he was not currently listing the property, but testified that he "might list it for $150,000" with the hope of selling it between $90,000 and $110,000. The broker did not explain how he arrived at these values. The broker did not purport to follow any of the three recognized approaches to value, namely the market data approach, the income approach, and the cost approach. *See* O.A.C. 5703-25-07(D).

{¶22} The broker's "report" consisted of an undated, one-page letter directed to the county auditor. Two paragraphs detail his involvement with the sale of two YMCAs. He then states that "the values are not more than $100,000 for these functionally obsolete sites." He concludes, "It is my opinion that the Lorain YMCA is not valued correctly for today's values and needs to be adjusted to the last arms length purchase price of $90,000."

{¶23} The broker's conclusory assertion that the property was "not valued correctly" and should be reduced to the 2009 sale price is not equivalent to determining a value for the property. We cannot say that the BTA abused its discretion in rejecting it.

{¶24} Walls' assignment of error is overruled.

### III

{¶25} Walls' assignment of error is overruled. The judgment of the Ohio Board of Tax Appeals is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Ohio Board of Tax Appeals, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT


HENSAL, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

GINO PULITO, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and JOHN P. KILROY, Assistant Prosecuting Attorney, for Appellees.

THOMAS A. KONDZER and MATTHEW MARSALKA, Attorneys at Law, for Appellee.