[Cite as *Talarek v. Walls*, 2018-Ohio-1174.]

STATE OF OHIO      )
                  )ss:
COUNTY OF LORAIN    )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

DANIEL J. TALAREK, LORAIN
COUNTY TREASURER

      Appellee

      v.

JOHN D. WALLS, et al.

      Appellants

C.A. No.      17CA011158

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    16TX006744

DECISION AND JOURNAL ENTRY

Dated: March 30, 2018

TEODOSIO, Presiding Judge.

{¶1} John D. Walls appeals the judgment of the Lorain County Court of Common Pleas granting summary judgment in favor of Daniel Talarek, as Treasurer of Lorain County, Ohio ("Lorain County"). We affirm.

I.

{¶2} In August 2016, Lorain County filed its complaint for collection of delinquent taxes and foreclosure against Mr. Walls. We have previously reviewed Mr. Walls' appeal from the decision of the Ohio Board of Tax Appeals ("BTA") that determined the tax value of the subject property in *Walls v. Lorain Cty. Bd. of Revision*, 9th Dist. Lorain No. 14CA010682, 2015-Ohio-5448, which provides the following background:

> Walls bought the subject property, which was formerly a YMCA, for $90,000 in January 2009. The six-year reappraisal in Lorain County occurred for tax year 2012. At that point, the county auditor decreased the value on the subject property from $610,900 to $303,500. Walls filed a complaint with the Lorain County Board of Revision ("BOR") seeking a reduction in value to $90,000.

At the BOR hearing, Walls testified and presented the testimony of the real estate broker from the 2009 sale. In addition, a one-page "report" from the broker discussing the sale of the subject property and another YMCA was submitted. It is undated, but states that the value should be adjusted to the $90,000 purchase price. Finding the evidence insufficient to support a value change, the BOR maintained the county auditor's value.

Walls appealed to the BTA. The BTA held an evidentiary hearing at which Walls testified. The BTA approved the BOR's value for the property.

*Id*. at ¶ 2-4. Upon review, we affirmed the decision of the BTA. *Id*. at ¶ 25.

{¶3} In December 2016, Lorain County filed its motion for summary judgment in the present foreclosure action. In his brief in opposition to the motion for summary judgment, Mr. Walls continued to argue that the value of the subject property for real estate tax purposes was $90,000.00, and that he has timely paid taxes upon that value. The trial court granted summary judgment in favor of Lorain County in June 2017. Mr. Walls now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE DEPENDENT UPON THE DOCTRINE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES, WHEN THE RECORD REFLECTS, AND THE LOWER COURT NOTED, THAT APPELLEE HAD AVAILED HIMSELF OF ADMINISTRATIVE REMEDIES BY FILING A COMPLAINT AGAINST THE VALUATION OF REAL ESTATE, WHICH RESULTED IN A DECISION RENDERED BY THE LORAIN COUNTY BOARD OF REVISION, FINDING THE FAIR MARKET VALUE OF THE SUBJECT PREMISES OF $90,000.00.

{¶4} Mr. Walls argues the trial court erred as a matter of law when it determined that no genuine issue of material fact existed and granted Lorain County's motion for summary judgment based upon the exhaustion of administrative remedies doctrine. We disagree.

{¶5} Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56

when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶6} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶7} In its order granting summary judgment, the trial court noted that a property owner has an established process pursuant to R.C. 5715.19 to challenge the valuation of a parcel

and recognized that Mr. Walls had unsuccessfully challenged the valuation of his property for the 2012 tax year. The trial court stated: "There is no indication that [Mr. Walls] has challenged the value of the [p]roperty since then and based upon the doctrine of exhaustion of administrative remedies, he and this [c]ourt must accept the value of the [p]roperty as assessed by the auditor for purposes of tax calculation."

{¶8}    The trial court further stated that Mr. Walls' attempt to challenge the valuation of the property in the tax foreclosure action was not the appropriate action to do so and was not a defense to the complaint. The court then noted that Mr. Walls did not make any other legal argument in his brief in opposition outside of those stemming from his contention that the valuation of the property was incorrect and had therefore failed to rebut the evidence presented by Lorain County or show that an issue of material fact remained that would preclude the granting of summary judgment.

{¶9}    "The exhaustion of administrative remedies doctrine is a well-established principle of Ohio law." *Waliga v. Coventry Twp.*, 9th Dist. Summit No. 22015, 2004-Ohio-5683, ¶ 12. "[T]he doctrine requires that a party exhaust available administrative remedies prior to seeking court action in an administrative matter." *Id.*

{¶10}   In the tax foreclosure action before the trial court, Mr. Walls was not directly seeking court action in an administrative matter; rather, he had previously sought such court action in his prior appeal from the decision of the BTA, which was ultimately reviewed by this Court and affirmed. It is for this reason the trial court's reference to "the doctrine of exhaustion of administrative remedies" was an inaccurate usage (i.e., the fact of having exhausted an administrative remedy is a different concept from the *doctrine* of exhaustion). The misstatement, however, was harmless error, as we discern no violation of a substantial right as a result. *See*

5

*Beck Energy Corp. v. Zurz*, 9th Dist. Summit No. 27393, 2015-Ohio-1626, ¶ 13. Although the trial court's reference to the "doctrine of exhaustion" was inaccurate, the trial court was correct in stating that it must accept the valuation as assessed by the auditor and that the foreclosure action was not the proper action for challenging that valuation. *See Hamilton v. Mansfield Motorsports Speedway*, LLC, 5th Dist. Richland No. 11 CA 103, 2012-Ohio-2446, ¶ 44. *See also Zier v. Bur. of Unemp. Comp.*, 151 Ohio St. 123 (1949), paragraph one of the syllabus ("An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute."); *Musial Offices, Ltd. v. Cty. of Cuyahoga*, 8th Dist. Cuyahoga No. 99781, 2014-Ohio-602, ¶ 11 ("[C]ourts of common pleas do not have original jurisdiction to hear property tax valuation cases and have only appellate jurisdiction conferred on them by statute.").

{¶11} Mr. Walls' argument continues to be based on his assertion that the Lorain County Auditor's valuation of the property is incorrect. This issue has previously been reviewed and determined. In *Walls v. Lorain Cty. Bd. of Revision*, 9th Dist. Lorain No. 14CA010682, 2015-Ohio-5448, this Court affirmed the judgment of the Ohio Board of Tax Appeals that had approved the Board of Revision's valuation of the property as $303,500.00. The trial court was therefore correct in determining that there was no genuine issue of material fact with regard to the valuation of Mr. Walls' property.

{¶12} Although his assignment of error, as stated, makes no reference to it, Mr. Walls also argues the collection of taxes as assessed on the property amounts to an unlawful taking in violation of his constitutional rights. Mr. Walls did not raise this issue at the trial court level. "Issues that were not raised to the trial court may not be considered for the first time on appeal." *Rozhon v. Rozhon*, 9th Dist. Medina No. 05CA0075-M, 2006-Ohio-3118, ¶ 18. Accordingly, this Court will not address this line of argument.

**{¶13}** Mr. Walls' assignment of error is overruled.

III.

**{¶14}** Mr. Walls' assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

GINO PULITO, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and CHRIS A. PYANOWSKI, Assistant Prosecuting Attorney, for Appellee.